## JACKSON *vs.* IVES.

A *discovery* of books of account will not be ordered after the cause has proceeded to a hearing before referees, and evidence given on both sides, unless under very *special circumstances*, and the delay in asking for the discovery is *fully explained.*

Referees have not the power to grant *an adjournment* beyond a general term of this court; and *it seems* that adjournments granted by *two referees* when the third referee does not attend, are irregular.

DISCOVERY of books, and adjournments by referees. The defendant pleaded the general issue and gave notice of set off, and furnished a bill of the particulars of his set off under a judge's order. On the 3d of March last, the cause was referred to three referees. It was brought to a hearing on the 10th day of April, and after both parties had given their evidence, the plaintiff moved for an adjournment beyond the *May Term* of this court, for the purpose of procuring an inspection of the defendant's books of account in relation to the set off of which he had given evidence. The defendant opposed the motion to adjourn, but an adjournment was ordered by the referees to the third Friday in *June.* On the 8th June the plaintiff obtained a judge's order that the defendant produce and deposite his books of account with the clerk, or show cause &c., and on the 15th June the order was made absolute—the books not having been produced. On the adjourned day in June, the plaintiff and only two of the referees appeared, when a further adjournment was granted to the 14th *July*, and on the last mentioned day only two referees attended, and a further adjournment was had until the 24th day of *August.* The defendant did not appear on either of the adjourned

days; he insisted that by adjourning *over a term* the cause was discontinued, or at least that the power of the referees was at an end. 2 *R. S.* 384, § 43. Before the 24th of August arrived, the plaintiff obtained a judge's order staying proceedings, for the purpose of enabling him to make this motion. He now moves for an order that the defendant produce the books by a certain day, or be debarred of his defence, and that the referees exclude the proof given of his set off.

*W. W. Frothingham,* for the plaintiff.

*C. Stevens,* for the defendant.

*By the Court,* BRONSON, J. The first adjournment beyond the then next term of this court, exceeded the power expressly conferred on the referees. 2 *R. S.* 384, § 43; and the two last adjournments, which were ordered when only two of the referees were present, seem to have been unauthorized. *Ibid.* § 46, and *Harris* v. *Norton,* 7 *Wend.* 534. But without enquiring into the effect of these irregularities, if they must be deemed such, I think the plaintiff now comes too late for a discovery. He not only had notice, but a bill of the particulars of the defendant's set off, and without then asking a discovery to enable him to *prepare for trial,* rule 28, 29, he proceeded to a hearing; and now, after both parties have given their evidence, he seeks an inspection of the defendant's books of account. Such a course may open the whole controversy, and can hardly fail to prove unreasonably burdensome to the defendant. I do not say that a discovery can never be had at this stage of the cause; but it should only be granted, if at all, under very special circumstances. The delay in asking for it should be fully explained, and it should plainly appear that the ends of justice make a discovery indispensable. Nothing short of this will justify a departure from the general rule of refusing a discovery when it is not asked for at the proper time. In this case no reason is assigned why the plaintiff did not ask an inspection of the books before proceeding to the hearing, nor is it shown that the ends of jus-

tice will be promoted by granting the motion. It looks very much as though the plaintiff was fishing for evidence, and attempting indirectly to obtain a re-hearing of the cause.

Motion denied.